# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN SIVES, ON BEHALF OF HIM-SELF AND ALL OTHERS SIMILAR-LY SITUATED, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 3:17-cv-00294-ARC |
| v. | ) ) | HON. A. RICHARD CAPUTO |
| DJI TECHNOLOGY, INC. AND DJI SERVICE, LLC, | ) ) ) | |
| Defendants. | ) ) ) ) | |

## DEFENDANTS DJI TECHNOLOGY, INC. AND DJI SERVICE LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

STATEMENT OF FACTS ......................................................................................2

ARGUMENT ..........................................................................................................4

I.  The Three Warranty Claims Should Be Dismissed Because Plaintiff
    Failed to Provide the Required Notice and His Warranty Had Expired .........5

    a.  Plaintiff Failed to Provide the Notice Required by 13 Pa.C.S.
        § 2607(c)(1) ......................................................................................5

    b.  DJI's One-Year Warranty Had Expired ..............................................7

    c.  Plaintiff Fails to Allege That He Relied On or Even Read the
        Statements He Cites............................................................................8

    d.  Plaintiff's Magnuson-Moss Warranty Act Claim Fails
        Alongside his State Law Warranty Claims ..........................................9

II. The Breach of Duty of Good Faith and Fair Dealing Claim Should Be
    Dismissed Because It Is Not a Separate Cause of Action in
    Pennsylvania .................................................................................................10

III. The Negligence and UTPCPL Claims Should Be Dismissed Because
     They Are Barred By the Economic Loss Rule ..............................................12

CONCLUSION ......................................................................................................15

# TABLE OF AUTHORITIES

<u>**Page(s)**</u>

## CASES

*AFSCME v. Ortho-Mcneil-Janssen Pharms., Inc.*, No. 08-cv-5904,
2010 U.S. Dist. LEXIS 23181 (E.D. Pa. Mar. 11, 2010) ...........................6, 7

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)...........................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)......................................................4

*Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172 (3d Cir. 2016)....................13

*Burton v. Teleflex Inc.*, 707 F.3d 417 (3d Cir. 2013)...............................................10

*City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256 (3d Cir. 1998) .................5

*Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250 (3d Cir. 2010)..................9

*Diodato v. Wells Fargo Ins. Servs., USA*, 44 F. Supp. 3d 541
(M.D. Pa. 2014) ................................................................................................10

*Dipietro v. Glidewell Labs.*, No. 1:CV-07-1591, 2011 U.S. Dist.
LEXIS 128964 (M.D. Pa. Nov. 8, 2011).........................................................13

*Goleman v. York Int'l Corp.*, No. 11-1328, 2011 U.S. Dist. LEXIS
85477 (E.D. Pa. Aug. 3, 2011) .........................................................................11

*Goodman v. PPG Indus.*, 2004 PA Super 151, 849 A.2d 1239...............................8

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410
(3d Cir. 1997)......................................................................................................5

*In re Rockefeller Ctr. Props. Sec. Litig. Inc.*, 184 F.3d 280
(3d Cir. 1999)......................................................................................................7

*In re: Shop-Vac Mktg. & Sales Practices Litig.*, 964 F. Supp. 2d 355
(M.D. Pa. 2013) ..............................................................................................9, 10

*In re Shop-Vac Mktg. & Sales Practices Litig.*, No. MDL No. 2380,
2014 U.S. Dist. LEXIS 98075 (M.D. Pa. July 17, 2014) ................................9

*Incubadora Mexicana, SA De CV v. Zoetis*, Inc., 310 F.R.D. 166
(E.D. Pa. 2015) ............................................................13

*JHE, Inc. v. Se. Pa. Transp. Auth.*, No. 1790, 2002 Phila. Ct. Com. Pl.
LEXIS 78 (Pa. Commw. Ct. May 17, 2002) ...................................10

*Jones v. Gen. Motors Corp.*, 428 Pa. Super. 544, 631 A.2d 665 (1993) ...........12, 15

*Kee v. Zimmer, Inc.*, 871 F. Supp. 2d 405 (E.D. Pa. 2012) ...................................5, 6

*Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993) .........................................5

*LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 951 A.2d 384
(Pa. Super. Ct. 2008)......................................................10

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997)............................5

*Nationwide Ins. Indep. Contrs. Ass'n v. Nationwide Mut. Ins. Co.*,
518 F. App'x 58 (3d Cir. 2013)...............................................10

*Rem Coal Co. v. Clark Equip. Co.*, 386 Pa. Super. 401, 563 A.2d 128
(1989).....................................................................12

*Repasky v. Jeld-Wen, Inc.*, 81 Pa. D. & C. 4th 495 (C.P. 2006)............................12

*Shuker v. Smith & Nephew PLC*, No. 13-6158, 2015 U.S. Dist. LEXIS
43141 (E.D. Pa. Mar. 31, 2015)..............................................8

*Simchon v. Highgate Hotels, LP*, No. 3:15-CV-01434, 2016 U.S. Dist.
LEXIS 154295 (M.D. Pa. Nov. 7, 2016).......................................14

*Sunshine v. Reassure Am. Life Ins. Co.*, 515 F. App'x 140
(3d Cir. 2013).............................................................14

*Vanalt Elec. Constr., Inc. v. Selco Mfg. Corp.*, 233 F. App'x 105
(3d Cir. 2007).............................................................6

*Victaulic Co. v. Innovee Sols.*, No. C-0048-CV-2009-0197,
2009 Pa. Dist. & Cnty. Dec. LEXIS 487 (Pa. C.P. May 7, 2009)................11

*Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002)............................13, 14

*Woolums v. Nat'l RV*, 530 F. Supp. 2d 691 (M.D. Pa. 2008)................................8

## STATUTES

13 Pa.C.S. § 2607(c)(1)............................................................................5, 7

15 U.S.C. § 2301, *et seq.* ("Magnuson-Moss Warranty Act") ............................4, 9

15 U.S.C. § 2310(d)(1)..................................................................................9

15 U.S.C. § 2310(e) ......................................................................................9

73 Pa.C.S. §§ 201-1, *et seq.* ("Pennsylvania's Unfair Trade Practices
    and Consumer Protection Law") ..........................................................*passim*

## RULES

Federal Rule of Civil Procedure 12(b)(6) ..................................................4

## **INTRODUCTION**

This minor dispute does not belong in court. Plaintiff's own allegations show that this case was filed simply because he was unwilling to pay $250 for the repair of his out-of-warranty product that had been marketed by Defendants. Plaintiff Kevin Sives alleges that his drone—a small, unmanned aerial vehicle—broke on September 20, 2016, a full six months *after* the limited warranty had expired. When Mr. Sives sent his drone in for repair, Defendants assessed it and determined that the repair fee would be $250. Unwilling to pay for the repair, Plaintiff chose instead to bring this suit claiming that a firmware update was the cause of his drone's problems, and alleging that he lost money because he purchased a drone whose capabilities are no longer what were advertised.

Being asked to pay to repair a product after its warranty has expired cannot support Plaintiff's causes of action. Even if the warranty had not expired, Plaintiff has failed to show that he complied with Pennsylvania's required notice provisions. Moreover, claims of negligence and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") do not apply here—the economic loss rule bars them because only monetary loss is at issue. The same applies to Plaintiff's Duty of Good Faith and Fair Dealing claim, which is not an independent cause of action in Pennsylvania. Plaintiff's Complaint should be dismissed.

## STATEMENT OF FACTS

DJI Technology, Inc. and DJI Service LLC (collectively "DJI") market, sell, and provide customer service for a wide variety of unmanned aerial vehicles ("UAVs" or "drones") to professionals and the general public. Complaint ("Compl.") ¶ 7; *see also* http://www.dji.com. DJI's lineup includes over a dozen different models, with numerous variants and options to incorporate recording devices. Compl. ¶ 11. DJI's award-winning drones have been widely praised for their innovative features, ease of use, superior flight characteristics, high-quality cameras, and their stabilization equipment. *Id.*; s*ee also* http://www.dji.com. Among DJI's products is the line of drones known as the Phantom 2. Compl. ¶ 13. Variants of the Phantom 2 include the Phantom 2 Vision and the Phantom 2 Vision +, with only the latter two including an integrated camera. *Id.*; http://www.dji.com/phantom-2. In conjunction with its drones, DJI creates and distributes the "DJI Vision" app for both the Android and iOS operating systems. Compl. ¶¶ 18-23.

While Plaintiff fails to identify any specific advertisements or statements that he viewed or relied upon, he alleges that, in advertising the Phantom 2, DJI stated that the camera included on the Phantom 2 Vision and Vision + drones could "shoot fully stabilized video" and transmit a drone's-eye view during flight. *Id.* ¶¶ 14-17. Plaintiff also alleges that DJI represented that the Phantom 2 drones

and their associated firmware were compatible with the Android and iOS operating systems. *Id*. ¶ 22. Notably, Plaintiff does not allege that these representations were false at the time they were made, when he purchased his drone, or during the drone's warranty period—indeed, his complaint makes no mention of any problems with his drone until a year and a half after his purchase. Plaintiff also omits any mention of written warranties offered by DJI at the time of sale.[1]

Plaintiff states that he purchased a Phantom 2 Vision + drone "on or about March 28, 2015." *Id*. ¶ 33, 4. According to his allegations, Plaintiff had no complaints about his drone until September 20, 2016, when he alleges that he installed an update to the DJI mobile app on his phone that included a firmware update for his drone. *Id*. ¶ 37. Plaintiff asserts that this update, which he claims was released in December 2015, caused the camera on his drone to cease functioning.[2] *Id*. ¶¶ 35-37. Plaintiff provides no explanation as to why he installed an update ten months after its release. Nor do Plaintiff's allegations explain why he proceeded to install the update in light of his allegations that information about supposed problems with the December 2015 update was available online. *Id*. ¶¶ 30, 32.

---

[1]   DJI offered a limited, one-year warranty on the Phantom 2 series. http://www.dji.com/service/policy.

[2] Plaintiff does not explain why his proposed class includes owners of all Phantom 2 series drones, not just those who own models with included cameras. *Id*. ¶¶ 45-46.

After installing the update, Plaintiff alleges, he "contacted Defendants' customer service department regarding the problems with his Drone." *Id*. ¶ 40. Plaintiff acknowledges that DJI was willing to repair his out-of-warranty drone, for a fee of $250, but he "refused to pay the quoted amount." *Id*. ¶¶ 41-42. Plaintiff did not contact DJI again until he filed this suit, alleging that he "lost money and property because he would not have purchased, or would have paid less, for the Phantom 2 Drone" if he had known about the alleged firmware problem. *Id*. ¶ 43. He further alleges that "he will be required to incur costs to replace or repair his Drone or the Drone's component parts in order to restore it to working order." *Id*. ¶ 44. Based on these allegations, Plaintiff seeks to hold DJI liable under a variety of legal theories, stating claims for breach of express warranty, breach of written warranty under the Magnuson-Moss Warranty Act, breach of implied warranty, breach of duty of good faith and fair dealing, negligence, and breach of Pennsylvania's Unfair Trade Practices and Consumer Protection Law. *Id*. ¶¶ 55-106.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if, in whole or in part, it fails to state a claim upon which relief can be granted. Dismissal is appropriate if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

*see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Facts that were not alleged in the complaint need not be taken as true, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), and neither must a court credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

## I.  The Three Warranty Claims Should Be Dismissed Because Plaintiff Failed to Provide the Required Notice and His Warranty Had Expired

### a.  Plaintiff Failed to Provide the Notice Required by 13 Pa.C.S. § 2607(c)(1)

Prior to filing a suit alleging breach of either express or implied warranty claims, a plaintiff must comply with Pennsylvania's statutory notification requirement. Under this provision, "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]" 13 Pa.C.S. § 2607(c)(1). Failure to do so is ground for dismissal of any breach of warranty claims. *Kee v. Zimmer, Inc.*, 871 F. Supp.

2d 405, 410 (E.D. Pa. 2012) ("In context of a motion to dismiss, Plaintiff must plead, at a minimum, that she provided reasonable notification to state a viable claim for recovery or be barred from any remedy.") (internal citations and quotation marks omitted); *see also Vanalt Elec. Constr., Inc. v. Selco Mfg. Corp.*, 233 F. App'x 105, 111 (3d Cir. 2007) ("[T]he Pennsylvania Supreme Court would agree that a buyer must prove compliance with Section 2607 before recovering for a breach of contract or warranty involving nonconforming goods as in this case."). "Plaintiff bears the burden to prove compliance with § 2607 before recovering for breach of warranty." *Kee*, 871 F. Supp. 2d at 410.

The purpose of the notification is "to allow the seller an opportunity to resolve the dispute regarding an alleged breach before the buyer initiates a lawsuit." *AFSCME v. Ortho-Mcneil-Janssen Pharms., Inc*., No. 08-cv-5904, 2010 U.S. Dist. LEXIS 23181, at *19-20 (E.D. Pa. Mar. 11, 2010). To this end, a plaintiff must "actually and affirmatively" notify a defendant of the breach. *Id*. It is not enough to merely note that there is a problem with a product—notice must be sufficient to put the seller on notice of the claim and give the seller "the opportunity to negotiate or settle [the] claim without judicial involvement." *Id*. (noting that "even assuming that Defendants were aware that the fentanyl patches were defective, Defendants may not have been aware of Plaintiffs' intent to file a class action lawsuit," and dismissing warranty claims).

-6-

Here, Plaintiff fails to allege that he provided sufficient notice. He alleges only that he "contacted Defendants' customer service department regarding the problems with his Drone." Compl. ¶ 40. He then alleges that, after DJI offered to repair his drone and informed him of the cost, he "refused to pay the quoted amount[.]" Compl. ¶ 42. The Complaint is notable for what Plaintiff omits from it—nowhere does he allege that he told DJI he thought a warranty was breached, that DJI had a legal duty to him, or that he would bring legal action. Indeed, Plaintiff alleges only that he notified DJI that there was a problem with his drone and that he was unwilling to pay to have the problem fixed. These allegations are far from enough to meet his obligations under 13 Pa.C.S. § 2607(c)(1), and his breach of express and implied warranty claims should be dismissed accordingly. *AFSCME*, 2010 U.S. Dist. LEXIS 23181, at *19-20.

### b.    DJI's One-Year Warranty Had Expired

Although Plaintiff chose not to discuss it openly in his Complaint, DJI offers a one-year, limited warranty on the Phantom 2 series of drones. http://www.dji.com/service/policy.[3] Plaintiff alleges that he purchased his drone

---

[3] Plaintiff may have attempted to avoid drawing specific attention to DJI's warranty, but he cites repeatedly to DJI's website to show DJI's alleged promises and support his warranty claims. Because the warranty is also set forth on the website, the Court may (and should) consider the warranty as incorporated by reference. *In re Rockefeller Ctr. Props. Sec. Litig. Inc.*, 184 F.3d 280, 287 (3d Cir. 1999) (in deciding a motion to dismiss "a court can consider a document *integral to or explicitly relied upon* in the complaint.") (internal quotation and citation omitted).

on March 28, 2015—the only operative warranty accordingly expired on March 29, 2016, seven months before the problems Plaintiff complains of. As a result, Plaintiff cannot state a claim for breach of warranty based on these problems. *Woolums v. Nat'l RV*, 530 F. Supp. 2d 691, 699 n.7 (M.D. Pa. 2008) ("The television defects also cannot support a claim for breach of warranty because they occurred outside the warranty period.").

### c. Plaintiff Fails to Allege That He Relied On or Even Read the Statements He Cites

Plaintiff's express warranty claim would also fail for the additional reason that he fails to allege that he personally relied upon or even read any of the alleged statements by DJI about the product. *Goodman v. PPG Indus.*, 2004 PA Super 151, ¶ 10, 849 A.2d 1239, 1243 (to create an express warranty, "the seller must expressly communicate the terms of the warranty to the buyer in such a manner that *the buyer understands those terms and accepts them*.") (emphasis added); *Shuker v. Smith & Nephew PLC*, No. 13-6158, 2015 U.S. Dist. LEXIS 43141, at *47 (E.D. Pa. Mar. 31, 2015) (dismissing express warranty claim where the complaint "[did] not say how Mr. Shuker or Dr. Terefenko became aware of [the claimed warranty][.]"). In the absence of any allegations that Plaintiff even read the various statements he points to (Compl. ¶¶ 14-16), he has not stated a claim for breach of express warranty.

### d. Plaintiff's Magnuson-Moss Warranty Act Claim Fails Alongside his State Law Warranty Claims

The Magnuson-Moss Warranty Act ("MMWA") provides a federal cause of action to consumers "who [are] damaged by the failure of a supplier, warrantor, or service contractor to comply with…a written warranty, implied warranty, or service contract." *In re: Shop-Vac Mktg. & Sales Practices Litig.*, 964 F. Supp. 2d 355, 360-61 (M.D. Pa. 2013) (quoting 15 U.S.C. § 2310(d)(1)). Accordingly, to the extent a MMWA claim relies on state-law warranties, it rises or falls alongside those state-law claims. *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010) ("In the instant case, Cooper's Magnuson-Moss claim is based upon his state law claims of breach of express and implied warranties. Since the District Court correctly dismissed both of those claims, Cooper's Magnuson-Moss claim was also properly dismissed."). Because Plaintiff's failure to allege sufficient notice and the expiration of the limited warranty bars his state-law warranty claims, his MMWA claim also fails. *In re Shop-Vac Mktg. & Sales Practices Litig.*, No. MDL No. 2380, 2014 U.S. Dist. LEXIS 98075, at *33 (M.D. Pa. July 17, 2014) (dismissing MMWA claim where plaintiff failed to comply with notice requirements for his state-law breach of express and implied warranty claims).[4]

---

[4] Plaintiff has also failed to show that he provided notice that he would proceed on a class basis, as required by 15 U.S.C.S. § 2310(e). Accordingly, he may not pro-

## II.   The Breach of Duty of Good Faith and Fair Dealing Claim Should Be Dismissed Because It Is Not a Separate Cause of Action in Pennsylvania

Although Plaintiff styles it as a separate claim in his Complaint, Pennsylvania does not recognize breach of the duty of good faith and fair dealing as a separate cause of action. *LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 951 A.2d 384, 391 (Pa. Super. Ct. 2008) ("A breach of such covenant is a breach of contract action, not an independent action for breach of a duty of good faith and fair dealing."). Rather than being a separate claim, the duty of good faith and fair dealing is applied to impose particular performance obligations on parties to a contract. *Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) ("[A] claim arising from a breach of the covenant of good faith must be prosecuted as a breach of contract claim, as the covenant does nothing more than imply certain obligations into the contract itself.") (quoting *JHE, Inc. v. Se. Pa. Transp. Auth.*, No. 1790, 2002 Phila. Ct. Com. Pl. LEXIS 78, at *5 (Pa. Commw. Ct. May 17, 2002). "Stated differently, a good faith and fair dealing claim 'must always be grounded in a specific provision of a contract' rather than some abstract or perceived social policy." *Diodato v. Wells Fargo Ins. Servs., USA*, 44 F. Supp. 3d 541, 560 (M.D. Pa. 2014) (quoting *Nationwide Ins. Indep. Contrs. Ass'n v. Nationwide Mut. Ins. Co.*, 518 F. App'x 58, 62 (3d Cir. 2013)).

---

ceed with his MMWA claim until he "has afforded the defendant a reasonable opportunity to cure its alleged breach." *In re: Shop-Vac*, 964 F. Supp. 2d at 362 (holding that the "class action is held in abeyance pending possible cure.").

Because the duty of good faith does not give rise to a cause of action standing alone, Pennsylvania courts dismiss breach of duty of good faith counts styled as separate causes of action. *Victaulic Co. v. Innoveer Sols.*, No. C-0048-CV-2009-0197, 2009 Pa. Dist. & Cnty. Dec. LEXIS 487, at *6-7 (Pa. C.P. May 7, 2009) (dismissing covenant of good faith claim where breach of contract and breach of express warranty also pled). Indeed, at least one court in this circuit has struck down a breach of good faith claim that was accompanied by the same claims as Plaintiff's. *Goleman v. York Int'l Corp.*, No. 11-1328, 2011 U.S. Dist. LEXIS 85477, at *19-21 (E.D. Pa. Aug. 3, 2011) (dismissing breach of duty of good faith claim with prejudice, where breach of express and implied warranty, but not breach of contract, pled).

This Court should do the same. Plaintiff has not grounded his claims in any contractual language—he makes only a passing, conclusory reference to a "benefit of the bargain originally intended by the parties[.]" Compl. ¶ 88. Indeed, he has not alleged any breach of contract or even the existence of any contract at all. While Plaintiff does bring breach of warranty claims, he fails to identify the written warranty that exists. That is not enough. *Goleman*, 2011 U.S. Dist. LEXIS 85477, at *19-21 ("Until the Pennsylvania Supreme Court holds otherwise, this Court is inclined to conclude there is no independent cause of action for breach of

a duty of good faith and fair dealing."). Plaintiff's claim should be dismissed accordingly.

III.   **The Negligence and UTPCPL Claims Should Be Dismissed Because They Are Barred By the Economic Loss Rule**

Plaintiff's claims of common-law negligence and violations of the UTPCPL are barred as a matter of law by the economic loss rule. Where a plaintiff alleges only economic losses, in the form of disappointed commercial expectations in a purchased product, Pennsylvania courts have made clear that negligence claims are inappropriate. *Repasky v. Jeld-Wen, Inc*., 81 Pa. D. & C. 4th 495, 499 (C.P. 2006) ("It is well-settled in Pennsylvania that the Economic Loss Doctrine bars recovery in tort where there is no physical injury and the only damages are to the product itself."); *see also Rem Coal Co. v. Clark Equip. Co*., 386 Pa. Super. 401, 412-13, 563 A.2d 128, 134 (1989) (holding that "negligence and strict liability theories do not apply" in actions where "the only resulting damage is to the product itself.").[5] Accordingly, "in cases where a product fails to conform and only economic losses result to the product itself and does not cause physical injury or property damage, the parties' recovery one against the other for economic losses should be limited to an action on that contract and no additional recovery in

---

[5] Although the holding in *Rem Coal Co.* applied to disputes between commercial enterprises, the rule was subsequently extended to claims brought by individual consumers. *Jones v. Gen. Motors Corp*., 428 Pa. Super. 544, 546, 631 A.2d 665, 666 (1993) ("[W]e find that the rationale behind REM Coal is equally applicable to disputes involving claims brought by individuals.")

negligence or strict liability is permitted." *Dipietro v. Glidewell Labs*., No. 1:CV-07-1591, 2011 U.S. Dist. LEXIS 128964, at *5-6 (M.D. Pa. Nov. 8, 2011) (internal quotations and citations omitted). Courts routinely dismiss negligence claims where the plaintiff failed to allege losses beyond disappointed commercial expectations. *See, e.g., Incubadora Mexicana, SA De CV v. Zoetis*, Inc., 310 F.R.D. 166, 176 (E.D. Pa. 2015) (dismissing "negligence, negligent hiring, negligent misrepresentation, and strict liability claims aris[ing] from economic loss [plaintiffs] suffered because the product they purchased from Defendants failed to operate as warranted.")

Courts in the Third Circuit have extended this doctrine to cover claims under the UTPCPL. Reasoning that allowing UTPCPL claims to go forward in product liability claims involving only economic losses would frustrate the purpose of the Economic Loss Rule, the Third Circuit extended the doctrine to bar those claims. *Werwinski v. Ford Motor Co*., 286 F.3d 661, 681 (3d Cir. 2002) ("In light of the persuasive authority treating common law and statutory fraud claims similarly under the economic loss doctrine, and appellants' inability to proffer contrary authority, we do not believe that the district court erred in applying the doctrine to appellants' UTPCPL claims.").[6]

---

[6] Although there has been some criticism of this decision, the Third Circuit has reaffirmed it on multiple recent occasions. *Berkery v. Verizon Commc'ns Inc*., 658 F. App'x 172, 175 (3d Cir. 2016) ("Although Berkery notes that the application of the

Accordingly, courts in this district have dismissed UTPCPL claims that are essentially disputes over what was promised where the plaintiff alleges only economic loss. *See, e.g.*, *Simchon v. Highgate Hotels, LP*, No. 3:15-CV-01434, 2016 U.S. Dist. LEXIS 154295, at *4 (M.D. Pa. Nov. 7, 2016) ("When the alleged deceptive conduct is clearly interwoven with the contract, and the plaintiff seeks damages that flow from the contract, a UPTCPL claim cannot be brought. The Court thus agrees with Defendants that the economic loss doctrine bars Plaintiffs' UTPCPL claim because (1) the parties entered into contracts to reserve Hotel rooms; (2) the allegedly deceptive conduct is interwoven with those contracts; and (3) Plaintiffs seek damages flowing from those contracts.") (internal citations and quotation marks omitted).

The economic loss rule bars Plaintiff's negligence and UTPCPL claims because Plaintiff alleges only economic losses here. *See* Compl. ¶¶ 102-103 (predicating UTPCPL claim on allegation that DJI caused a "misunderstanding"). Specifically, Plaintiff alleges that DJI broke its promise to deliver a particular product that would be free from defects, that Plaintiff "would not have purchased, or

---

economic loss doctrine to non-negligence claims has been subject to some criticism, Berkery has not shown why it should not apply to the particular circumstances of this case. Consequently, the District Court was correct to dismiss [the UTPCPL claim] with prejudice."); *Sunshine v. Reassure Am. Life Ins. Co.*, 515 F. App'x 140, 144-45 (3d Cir. 2013) ("The parties dispute whether the District Court properly applied the economic loss doctrine to bar Sunshine's UTPCPL claim…The District Court properly applied *Werwinski* and concluded that the economic loss doctrine barred Sunshine's UTPCPL claim.").

would have paid less, for the Phantom 2 Drone if he had known that Defendants would issue a firmware update that would render the Drone useless or substantially less functional" (Compl. ¶ 43), and that "he will be required to incur costs to replace or repair his Drone or the Drone's component parts in order to restore it to working order." (Compl. ¶ 44). He thus alleges neither physical harm nor property damage—only monetary losses.[7]

Under this circuit's application of the economic loss rule, Plaintiff's negligence and UTPCPL claims cannot proceed on these facts, and must be dismissed.

## CONCLUSION

For the reasons stated above, the Court should dismiss the Complaint.

Dated: May 8, 2017                           Respectfully submitted,

By:  /s/ Thomas B. Schmidt, III
Thomas B. Schmidt, III (PA 19196)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com

---

[7] Plaintiff's allegations of damage to the drone itself are insufficient to show the required property damage. The economic loss rule applies "where the only resulting damage is to the product itself,"—damage to something else is required to avoid the operation of the rule. *Jones*, 428 Pa. Super. at 546 (holding economic loss rule barred claims where "appellants have made no allegations of damage outside of the loss of the truck itself.")

-and-

Michael H. Rubin, *admitted pro hac vice*
Peter C. Holm, *admitted pro hac vice*
WILSON SONSINI GOODRICH & ROSATI
1 Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
(415) 947-2000
mrubin@wsgr.com
pholm@wsgr.com

*Attorneys for Defendants*
*DJI Technology, Inc. and*
*DJI Service, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 8, 2017, I electronically filed the foregoing document on the Court's ECF system which will send notification of such filing to counsel of record for all parties.


_/s/ Thomas B. Schmidt, III_____
Thomas B. Schmidt, III (PA 19196)